**JOSEPH A. VELEZ**
**ATTORNEY AT LAW (SBN: 16059)**
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251
Tel: (480) 710-5079
Attorney for Plaintiff

## IN THE UNITED STATES FEDERAL COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher W. Trostl, | No. |
| Plaintiff, | |
| v. | **PLAINTIFF'S COMPLAINT** |
| Copper State Home Builders, LLC, an Arizona limited liability company, Clint S. Fessler and Maureen Fessler, husband and wife, | F.L.S.A. Overtime Wage Claim |
| Defendants, | |

The Plaintiff Christopher W. Trostl, by and through his attorney, alleges for his complaint:

**Jurisdiction & Venue**

1. This Court has jurisdiction over Plaintiff's complaint, its subject matter and all the parties pursuant to 28 U.S.C. §1331 based on the federal question at issue arising from the application of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. sec. 201 *et seq*.

2. Venue in the District of Arizona, Phoenix Division, is appropriate because of the following: Plaintiff resides in Maricopa County, Arizona, and the Defendants conduct business in Maricopa County, Arizona, and the operative facts giving rise to this cause of

1

action occurred in Maricopa, Arizona.

**Facts Giving Rise To Complaint**

3. Plaintiff Chris Trostl (hereafter "**Trostl**") was employed by Defendants since 2013. His duties primarily included, but were not limited, to the following: general home and commercial construction work and remodeling for Defendant-Employer's construction company, Copper State Home Builders, LLC, based out of Mesa, Arizona.

5. Defendant-Employer Copper State Home Builders, LLC (hereafter "**Copper State**") is an Arizona limited liability company. Copper State is based out of Mesa, Arizona and provides home and commercial construction services and remodeling services throughout the State of Arizona. Copper State is an "employer" as that term is defined in 29 U.S.C. §203(d).

6. Defendant Clint S. Fessler ("**Fessler**") is both a manager and member of Copper State, LLC, and managed and directed the operations of Copper State. Fessler was at all times a person responsible for determining the rate and method of payment of Trostl's wages. Fessler was an "employer" of the Plaintiff as that term is defined in 29 U.S.C. §203(d). The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of the employer in relation to the employee, and thus Fessler is subject to individual personal liability in accordance with the Fair Labor Standards Act.

7. Defendant Maureen Fessler is a manager of Copper State, LLC, and managed and directed the operations of Copper State. Maureen Fessler was at all times a person responsible for determining the rate and method of payment of Trostl's wages, thus she was an "employer" of the Plaintiff as that term is defined in 29 U.S.C. §203(d). The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of the employer in relation to the employee, and thus Maureen Fessler is subject to individual personal liability in accordance with the Fair Labor Standards Act.

8. Maureen Fessler is the wife of Clint Fessler, and is named as a defendant pursuant to A.R.S. §25-215(D). At all times pertinent to this complaint, Clint Fessler and

Maureen Fessler were acting for the benefit of their marital community.

9. At all relevant times, Copper State was engaged in interstate commerce and was an enterprise whose gross annual sales made or business done was greater than $500,000 annually.

## Nature of Case

10. During his entire employment Plaintiff Trostl was non-exempt employee pursuant to the Fair Labor Standards Act and was thus always entitled to received time and a half his regular base rate of pay for all hours worked in excess of 40 during a seven (7) day work-week.

11. From at least 2013 until March of 2017, Copper State uniformly misclassified all of its workers, including Plaintiff Trostl, as independent contractors when they were in fact employees.

12. During his entire employment, the work done by Trostl was subject to the control of Copper State in that Copper State had the authority to exercise complete control over the work performed and the manner and means in which work was performed.

13. The Plaintiff Trostl was not involved in a distinct business, but instead was provided instructions and orders by Copper State as to how to perform his work. Moreover the manner and means in which work was to be performed was to be in accordance with Copper State's directives.

14. Plaintiff Trostl was required to attend regular company meetings at the direction of Copper State. It was always Copper State that set the dates of the meetings and the agendas to be covered at these meetings.

15. Copper State paid for and provided most of the tools, supplies and materials for Plaintiff Trostl to use in doing his job. Examples of these were: vehicle to drive to and from job sites, uniforms, construction materials, plumbing supplies, electrical supplies, air moving fans, jack hammers and concrete cutting tools.

16. Copper State retains the right to unilaterally terminate the Plaintiff at any time.

17. Trostl had no opportunity to realize a profit or loss because Copper State paid him by the hour.

18. Plaintiff did not have authority to make employment related personnel decisions. For example, he could not hire or fire any other tradesman or construction worker, nor could he control the rate and manner of pay of the other other tradesmen or construction workers who worked for Copper State.

19. Copper State knew that Plaintiff was actually an employee and not an independent contractor. As a result of misclassifying the Plaintiff in this manner, Copper State failed to pay the employer's portion of federal taxes, social security contributions, and other required contributions corresponding to the income paid to Plaintiff. Thus, Plaintiff has been burdened with excessive and improper tax obligations, which, had he been paid appropriately as an employee, he would not have incurred. Plaintiff will soon be reporting to the IRS that Copper State misclassified him as an independent contractor by filing a Form SS-8 with the Internal Revenue Service.

**Plaintiff Trostl's Claims**

20. While Plaintiff Trostl worked for the Defendants, he was paid hourly for all hours worked. His hourly rate is and has always been $20.00 per hour. From 2013 through March of 2017, Copper State regularly required Trostl to work hours in excess of 40 hours per seven (7) day work week and failed to pay him time and one half his regular base hourly rate for hours worked in excess of 40 per seven day work week.

21. Plaintiff Trostl was often scheduled to work six (6) days per week, and this caused him to work well over 40 hours per week. Despite routinely working over 40 hours per week during the period of 2013 through March of 2017, Trostl was not paid time and a half his regular base hourly rate for working hours in excess of 40 per seven day workweek ("overtime"). Only since approximately April of 2017 has Copper State finally complied with the FLSA's mandate to pay overtime to its workers.

22. For the time period of 2013 until approximately December of 2015, Copper

4

State paid Trostl and its other workers straight time for all hours worked, including those hours in excess of 40 during a seven (7) day work week. Additionally, during this time period, Copper State deliberately misclassified its workers, including Plaintiff Trostl, as independent contractors.

23. For the time period from January of 2016, until March of 2017, Copper State paid Trostl and its other workers in two manners *each and every pay period*; Copper State would pay the first 40 hours on one paycheck and the excess hours — those over 40, on a separate check. However, all hours were paid at straight time. During this time period Copper State thus paid its workers as W-2 employees for the *first* 40 hours of the week, and separately paid them as independent contractors (1099 workers) for those hours worked in excess of 40 per work week. In support Plaintiff attaches Exhibit A which is Trostl's W-2 and 1099 from the same year (2016). Copper State engaged in this bifurcated payment scheme as a way to circumvent the FLSA's requirement to pay their employees overtime wages. This payment scheme demonstrates that Copper State knew of its obligation to pay overtime wages, yet sought to circumvent the FLSA's mandate to pay time and a half for hours worked in excess of 40 in a seven (7) work week.

24. If Copper State terminates or otherwise takes any retaliatory action against Plaintiff Trostl for filing this action, Trostl will seek leave amend this Complaint to add a claim for FLSA retaliation and wrongful termination against Copper State as well as Clint Fessler and Maureen Fessler personally.

**Count One – Violation of Fair Labor Standards Act (29 U.S.C. 201, et. seq.)**

25. As a non-exempt employee, Plaintiff was covered by the provisions of the Fair Labor Standards Act, specifically 29 U.S.C. §207(a)(1), which required the Defendants to pay Plaintiff one and one half times his regular base rate of pay for hours worked in excess of forty in a given week.

26. The Defendants failed and refused to pay Plaintiff overtime wages, *i.e.* one

and one half times his regular hourly rate for working hours in excess of 40 per seven day workweek.

27. The Defendants knew that they were required by law to pay overtime, as evidenced by their bifurcated wage payment scheme. Defendants wilfully violated the FLSA, entitling the Plaintiff to recover liquidated damages as provided by 29 U.S.C. §216(b) in an amount equal to the unpaid overtime.

## Prayer For Relief

Wherefore, Plaintiff Chris Trostl prays for judgment:

A. Awarding him his unpaid overtime against all Defendants in the amount that shall be proven at trial to has resulted from the Defendants' violation of the Fair Labor Standards Act, together with prejudgment interest thereon from the dates each payment became due;

B. Awarding an equivalent amount of all unpaid wages against all Defendants as liquidated damages pursuant to 29 U.S.C. 216(b);

C. Awarding Plaintiff his reasonable attorney's fees and court costs pursuant to 29 U.S.C. 216(b);

D. Awarding such other and further relief as the Court deems just and proper.

SUBMITTED this 14th day of September, 2017.

LAW OFFICE OF JOSEPH A. VELEZ

/s/ Joseph Velez

_____

Joseph A. Velez
Attorney for Plaintiff